50. In addition to wrongfully shooting and killing Plaintiff's dog, Defendant's also stole other property of Plaintiff's, all while acting under the color of law. Plaintiff was deprived of his property rights in the form of a bee-bee gun and a military issue Black Hawk knife as given to Plaintiff by his father after returning from Iraq. Said warrant return reflects the wrongful taking of these items.

51. Those items were taken without Plaintiff's permission, and not returned. Defendants damaged other property items, such as Plaintiff's door, Portable Play Station cases, and other assorted items, without the permission of the Plaintiff.

52. Cindy, as Plaintiff's best friend and companion, constitutes a special classification of property under New York State Law that defendants seized and destroyed in a matter that shocks the conscience, and in a criminal and unjustified matter. **Travis v. Murray**, 42 Misc.3d 447 (2013). The remaining property is obviously of less importance, but the Defendant's still wrongfully deprived Plaintiff of such property all while acting under the color of law, contrary to the provisions of 42 U.S.C § 1983.

53. As alleged above, Defendants, as is their habit for these occasions, then called upon Buffalo Animal Control to assert dominion and control over the deceased animal, as opposed to using said municipal agency to control the animal while still alive.

54. Said above-referenced actions, both individually and in their entirety, fully disregarded the Constitutional rights of the Plaintiff to be free of unlawful and unreasonable seizures under the Fourth and Fourteenth Amendments of the Constitution.

**Second Cause of Action for Plaintiff Adam Arroyo for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C § 1983 against the City of Buffalo Police Department and the City of Buffalo, and Daniel Derenda, Commissioner of the City of Buffalo Police Department, in His Official and Individual Capacity.**

55. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

56. Aside from the above-referenced set of facts, the City of Buffalo and its Police Department caused the Plaintiff to be subjected to Fourth Amendment violations because the Buffalo Police Narcotics Division and Detective Cook, Garcia, and Callahan's violations were part of the customary practices of the City of Buffalo and it's police department. Such repeated Fourth & Fourteenth Amendment violations amount to the City of Buffalo's deliberate indifference to an obvious need for training of its officers both in the laws pertaining to unlawful seizures, in the art of de-escalation, and in how to avoid conflict and especially lethal conflict when dealing with canines. Further, the sociopathic number of canine shootings by Detective Cook reflect the above-referenced defendants complicity with sociopathy and animal torture. This departmental

failure includes and is most evident in the failures of Detective Cook, particularly in the above-referenced sequence of events. This failure of the Department to adequately train, supervise, and regulate their Detectives and Officers' dealings with canines resulted in Defendant Cook's actions in slaying Cindy and thereby causing the Plaintiff insufferable and egregious harm, and will result in more unnecessary bloodshed if corrective measures aren't taken by the City of Buffalo, the City of Buffalo Police Department, and City of Buffalo Police Department Commissioner Daniel Derenda.

57. Furthermore, the City of Buffalo, its Police Department, and Commissioner Daniel Derenda tacitly condone the practice of lethal means used as a first resort against dogs, otherwise known as **puppycide**, a disturbing American inner city phenomenon, by only performing a superficial, biased, and artificial review of the dogs killed by its Police Department which always results in the erroneous and contrived finding that the discharge of the weapon by the Officer, which results in the killing of the dog, is justified by the officer.

58. In this instance, the Department superficially reviewed the erroneous execution of the warrant as well as Detective Cook's killing of Cindy and made a determination that Detective Cook acted appropriately, after the Police Department and its Narcotics Division attempted to dispose of Cindy's body without any forensic or physical evidence being taken, and without recording, considering, or documenting any statements of non-police and therefore unbiased witnesses.

59. The above-referenced misuse of authority and power by Defendants Garcia, Cook, Callahan, the City of Buffalo Police Department, the City of Buffalo Police Department Narcotics Division and the City of Buffalo was egregious and shocking to the conscience. As a result, Plaintiff was caused and will continue to undergo and endure severe mental anguish, hardship, and distress as result thereof.

60. Such deprivations of Plaintiff's property rights and right to liberty and happiness were in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C. § 1983.

61. As a result of the above-referenced defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has been damaged in an amount to be determined at trial.

62. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Third Cause of Action for Plaintiff Adam Arroyo for violations of the Fourteenth Amendment as per 42 U.S.C § 1983 against the City of Buffalo Police Department and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, the City of Buffalo Police Department Narcotics Division, and City of Buffalo Police Dets. Garcia, Callahan, and Cook, In Their Official and Individual Capacity.**

63. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

64. In engaging in the above-referenced conduct, by using excessive force against the Plaintiff to summarily deprive him of his property rights in possessing Cindy and the other above-referenced property, the Defendants deprived the Plaintiff of his civil rights pursuant to 42 U.S.C § 1983. Further, as police officers employed by the City of Buffalo, Defendants were acting under the color of state law.

65. The above-referenced misuse of authority and power by the Defendants was egregious and shocking to the conscience. As a direct result, Plaintiff sustained severe mental anguish, humiliation, and severe emotional distress as a result thereof.

66. Such deprivations were in violation of the rights secured to Plaintiff by the Fourth and Fourteenth Amendments of the United States Constitution and by 42 U.S.C § 1983.

67. As a result of the above-referenced defendant's deprivation of Plaintiff's civil and Constitutional rights, Plaintiff has been damaged in an amount to be determined at trial.

68. Plaintiff demands costs and attorney fees pursuant to 42 U.S.C. § 1988.

**Fourth Cause of Action for Plaintiff Adam Arroyo for the intentional infliction of emotional distress against the City of Buffalo Police Department and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, the City of Buffalo Police Department Narcotics Division, City of Buffalo Police Commissioner Daniel Derenda in his Official and Individual Capacity, City of Buffalo Spokesperson Mike DeGeorge, and City of Buffalo Police Officers Detective John Garcia, Detective Brenda Callahan, and Detective Joseph Cook in Their Official and Individual Capacities:**

69. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

70. Defendant Cook's unjustifiable and brutal slaying of Cindy, as specified in the above allegations, constituted extreme and outrageous conduct under the circumstances. Cindy was tethered and of no threat to anyone, and the heinous and deplorable nature of the killing heightened the emotional distress that the Plaintiff has suffered as a result of the defendant's actions. Furthermore, Defendants continued perpetuity of the lie that Plaintiff, a law abiding soldier and pillar of the community, was in fact a drug dealer is deplorable, despicable, and more shocking to the conscience than just about anything one can imagine when considering the conduct of government and its officials.

71. The killing intended to cause, or more likely represents a complete disregard of the substantial probability of causing severe emotional distress to the Plaintiff.

72. The killing of Cindy in such a violent and gratuitous manner in the presence of the Plaintiff and subsequent cover up has in fact caused the Plaintiff severe emotional distress from which he still suffers and has sought treatment as a result thereof.

**Fifth Cause of Action for Plaintiff Adam Arroyo for the tort of property damage against the City of Buffalo Police Department Narcotics Division, the City of Buffalo Police Department, and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, in His Official and Individual Capacity, and City of Buffalo Police Officers Detective John Garcia, Detective Brenda Callahan, and Detective Joseph Cook in Their Official and Individual Capacities:**

73. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

74. On the above-referenced date and time, during the execution of a search warrant, Defendant Detective Joseph Cook intentionally and unjustifiably damaged Plaintiff's property, by shooting and killing "Cindy," a purebred formerly vibrant and healthy 2.5-year-old pit bull type dog.

75. Also, on the above-referenced date and time, during the execution of the same search warrant, The City of Buffalo Police Department Narcotics Division intentionally and unjustifiably damaged Plaintiff's door, glassware, and other assorted items.

**Sixth Cause of Action for Plaintiff Adam Arroyo for negligence against the City of Buffalo Police Department Narcotics Division, the City of Buffalo Police Department and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, and City of Buffalo Police Officers Detective John Garcia, Detective Brenda Callahan, and Detective Joseph Cook in Their Official and Individual Capacities:**

76. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

77. The defendants were negligent in various aspects leading to the above-referenced damages. Particularly, and among other things, The defendants were negligent in:

- Failing and omitting to ensure its police officers used appropriate care, discretion, and regard towards animals and humans;
- Failing and omitting to properly and adequately instruct, supervise and train its police officers;
- Failing to provide proper protocol to deal with animals in routine situations using nonlethal force, in sanctioning the unnecessary slaying of dogs which is equivalent towards promoting animal cruelty;
- Failing to implement any kind of meaningful program preparing officers to interact with dogs on private residences or premises, and in negligently hiring and entrusting Detective Joseph Cook to carry out the sworn duties of a City of Buffalo Police Officer.
- Failing to take the precautionary measures necessary to ensure that the warrant was being executed at the intended residence where drugs were being used or sold.
- Failure to take heed of the blatantly clear signs and take appropriate actions, namely arrest and prosecution when considering Det. Joseph Cook is a sociopath, as evidenced by his killing more dogs than any Police Officer on record in this entire country.

- Executing search warrants in a reckless and routine manner proven to be ineffective in seizing any substantial quantity of drugs or ridding the streets of drugs. Instead, the policing is designed to line the coffers of the Defendants while terrorizing the communities from which they are sworn to protect and serve, and where Plaintiff and his companion animal become casualties of a roughshod and reckless form of policing as practiced by the Defendants.

**Seventh Cause of Action for Plaintiff Adam Arroyo for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C § 1983 against the City of Buffalo Police Department Narcotics Division, the City of Buffalo Police Department and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, and City of Buffalo Police Officers Detective John Garcia, Detective Brenda Callahan, and Detective Joseph Cook in Their Official and Individual Capacities:**

78. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

79. Defendant Buffalo Police, Buffalo Police Narcotics Division, and Detectives Garcia, Callahan, and Cook wrongfully and intentionally intruded and invaded into the private residence of the Plaintiff, located at 304 Breckenridge Street, upper **REAR Apt.,** in the City of Buffalo, 14213, which is also located within the County of Erie, State of New York.

80. Said entry was without exigency, permission, nor any justifiable legal basis. Said warrant was stale, wrongfully executed, and an abject sham and failure on the part of the Defendants.

**Eighth Cause of Action for Plaintiff Adam Arroyo for violations of the Fourth and Fourteenth Amendment as per 42 U.S.C § 1985 (3) against the City of Buffalo Police Department and the City of Buffalo, Daniel Derenda, Commissioner of the City of Buffalo Police Department, in His Official and Individual Capacity, and City of Buffalo Police Officer Brian J. Gummo, In His Official and Individual Capacity.**

81. Plaintiff, ADAM ARROYO repeats and reiterates each and every foregoing allegation of this complaint with full force and effect as if set forth at length in this cause of action.

82. Defendants, subsequent to the killing of Cindy, did conspire, for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; namely due process in pursuing a lawsuit or providing Plaintiff with due process in this matter, by disposing of Cindy's body without consent nor authority, by unlawfully converting Cindy into state hands, and by falsifying reports and findings surrounding her demise.

**Ninth Cause of Action for Plaintiff Adam Arroyo for the intentional tort of slander against the Buffalo Police Department Narcotics Division, Daniel Derenda, Commissioner of the City of Buffalo Police Department, in His Official and Individual Capacity, City of Buffalo Spokesperson Michael DeGeorge in His Official and Individual Capacity, and Dets. Garcia, Callahan, and Cook in their Official and Individual Capacity**

83. Plaintiff incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

84. Defendants, subsequent to the killing of Cindy, and as part of the cover up for their misdeeds and as an attempt to lend some sort of legitimacy to their actions, did, while showing a reckless disregard for the truth, state that "they had the right address," to various local news outlets.

85. The above statement is another way of Defendants stating that Plaintiff, the sole occupant of his residence, *was* selling drugs and that his activities were what led to his dog being killed.

86. That statement, made and publicized on numerous news telecasts is completely false and flies in the face of all credible evidence, suggesting the comment was made by the Defendants with actual malice or at a bare minimum, reckless disregard for the truth. Said statement is an affront to democracy and an individual that fought for his country in the mistaken belief that his own local government had a shred of integrity to it.

### Punitive Damages against Defendant Buff Det. Joseph Cook in his Official and Individual Capacity

87. Plaintiff incorporates by reference all of the allegations set forth herein in this Complaint as if fully set forth herein.

88. Defendant Det. Joseph Cook, in his Official and Individual Capacity, was deliberately indifferent to Plaintiff's Constitutional rights as a result of his indifference and malice by shooting Cindy in such an unjustifiable, sociopathic and cruel manner on private premises.

89. Punitive damages are justified against the above-stated defendant for his deliberate indifference and malice towards the Plaintiff herein.

WHEREFORE, the plaintiff demands judgment on the above counts against the defendants, their units, their officers, employees, against and other persons acting in concert or participation with them as stated above, and award the following amounts:

A. Compensatory damages in favor of the Plaintiffs in an amount to be determined by a jury;

B. Exemplary damages in favor of the Plaintiff;

C. Costs of this action, including reasonable attorney fees to the Plaintiff Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, U.S.C. 1988 (1976); and

D. Such other relief as the court may deem appropriate.

DATED:   Buffalo, New York
         August 21, 2015

The Law Offices of Matthew Albert

By: _____
Mathew Albert, ESQ.
Attorney for Plaintiff
Office and P.O. Address
254 Richmond Ave.
Buffalo, New York 14222
(716) 445-4119
mattalbertlaw@gmail.com