UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADAM ARROYO,

                Plaintiff,

    v.

THE CITY OF BUFFALO,
CITY OF BUFFALO POLICE DEPARTMENT,
DANIEL DERENDA, Commissioner of the
City of Buffalo Police Department,
DET. JOHN GARCIA, Buffalo Police Narcotics
Officer,
DET. SGT. BRENDA CALLAHAN, Narcotics Officer,
CITY OF BUFFALO POLICE DEPARTMENT
 NARCOTICS DIVISION,
DET. JOSEPH COOK,
MICHAEL DeGEORGE, City of Buffalo Spokesperson,

                Defendants.
_____

**DECISION
and
ORDER**

**15-CV-753A(F)**

APPEARANCES:     MATTHEW A. ALBERT, ESQ.
                           Attorney for Plaintiff
                           254 Richmond Avenue
                           Buffalo, New York 14222

                           TIMOTHY A. BALL
                           CORPORATION COUNSEL, CITY OF BUFFALO
                           Attorney for Defendants
                           ROBERT E. QUINN,
                           Assistant Corporation Counsel, of Counsel
                           1112 City Hall
                           65 Niagara Square
                           Buffalo, New York 14202

       In this § 1983 case alleging improper execution of a search warrant at Plaintiff's premises at 304 Breckenridge Street, upper rear apartment, in the City of Buffalo by Defendants Garcia, Callahan, and Cook, the court, in a Decision and Order filed

September 13, 2018 (Dkt. 51) ("the D&O") granting Plaintiff's motion to compel in part, required Defendants to submit for an *in camera* review copies of Buffalo Police Department ("the Department") policies and procedures relating to obtaining and executing search warrants responsive to Plaintiff's Interrogatory No. 14.[1]  Specifically, in the D&O, the court determined that such review was necessary to enable the court to decide whether production of any such materials could be authorized despite Defendants' assertion of the law enforcement privilege.  *See* Dkt. 51 at 15-21.  In accordance with the court's direction, Defendants delivered, on September 27, 2018, to the undersigned's chambers copies of the Department's Rules and Regulations ("the Rules and Regulations"), Manual of Procedures ("the MOP"), and its Narcotics Unit Operations Manual ("the Operations Manual").[2]   These submissions have, in accordance with Second Circuit precedent regarding proper judicial consideration of a law enforcement privilege claim, *see In re The City of New York*, 607 F.3d 923, 947 (2d Cir. 2010), been kept in a safe maintained by the Clerk of Court except while being reviewed by the undersigned in chambers.  Additionally, the parties were permitted to submit memoranda directed to the issue of disclosure of the materials under the privilege.  Dkt. 54.  Defendants submitted Defendants' Memorandum of Law on October 5, 2018 (Dkt. 55) in redacted form; an unredacted copy was provided to the court along with unredacted copies of the materials Defendants assert are subject to the privilege which were filed under seal.  Plaintiff did not submit any responsive memorandum.

---

[1]  During the course of Defendants Garcia, Callahan, and Cook's entry using a battering ram, Plaintiff's pet pit bull dog was shot by Defendant Cook; Plaintiff, who was not at home at the time, learned about the entry and loss of his dog upon his return from work.
[2]  Upon review, the Rules and Regulations contain no provisions responsive to Plaintiff's Interrogatory No. 14.

A hearing concerning arrangements for obtaining a copy of a Buffalo City Court transcript of the *in camera* testimony by Defendants' confidential informant upon which the subject warrant was issued was conducted with counsel on October 17, 2018. At the conference, Defendants indicated Defendants had no opposition to production as responsive to Interrogatory No. 14 without redaction of Section 4.0 of the MOP entitled Searches and Seizures § 4.0 *et seq.* at pp. 117-120, and Section 3.0 *et seq.* of the Operations Manual, Search Warrants Sections 3.1 – 3.9, but with redactions of Section 3.3(B)(1) regarding registration of a confidential informant and the reference to Chap. 6.3 of the Operations Manual, Section 3.5(C)(3) regarding currency seizures and Section 3.6 regarding handling evidence seizures as these subjects are not responsive to Interrogatory No. 14. Defendants' agreement to these disclosures was further conditioned on a corresponding protective order discussed in Dkt. 55 at 5 (filed under seal). Specifically, Defendants request that any production of the materials be subject to review on an attorneys' eyes-only basis and use by Plaintiff's counsel, Mr. Albert, and limited to use by Plaintiff in connection with this litigation only and that such materials be promptly returned to the City of Buffalo Law Department, attention Robert E. Quinn, Assistant Corporation Counsel, upon conclusion of the case. These terms and those suggested by the court, including that no copies of the materials be made or disseminated by Plaintiff, or access to the materials by any persons other than Plaintiff's attorney, such as a testifying expert, shall be allowed, unless specifically permitted by the court on notice to Defendants in writing, were also acceptable to Plaintiff.

In this case, whether Defendants who applied for and executed the search warrant acted reasonably in failing to learn, prior to obtaining the search warrant, that

3

two separate apartments physically existed on the upper (2d) floor of the house at 304 Breckenridge Street, the premises for which the warrant was authorized, prior to the entry giving rise to this action and executing the warrant against Plaintiff's rear apartment will be a relevant issue in this case particularly in regard to Defendants' expected assertion of a qualified immunity defense.  Thus, as addressed in the D&O, any failure by Defendants to comply with relevant provisions of the MOP and Operations Manual in applying for the warrant may be evidence that Defendants acted in an objectively unreasonable manner in obtaining and executing a warrant thus potentially rebutting such defense.  *See* D&O at 15-16.  While Defendants Garcia and Cook have been deposed, a review of their deposition testimony indicates Plaintiff was unable to elicit any testimony which could serve as an evidentiary substitute (based on the court's *in camera* review) for the relevant information contained in these documents.  Thus balancing, as required, *see In re The City of New York*, 607 F.3d at 943, Plaintiff's need for this information against the public interest in non-disclosure, the court finds disclosure should be provided upon the terms of the protective order as Defendants propose as herein above stated and Plaintiff has agreed to.  That Defendants do not resist disclosure *per se* is highly persuasive that the proper balance between Plaintiff's interests in a fair opportunity to vindicate Plaintiff's good faith Fourth Amendment claims, and the public's interest in effective law enforcement, particularly against narcotics trafficking, can be reached in this case.  Further, although the search warrant procedures relevant to this case described in the documents, if disclosed to unreliable persons without a need-to-know, could conceivably impair the conduct of future investigations by Buffalo police officers, the court finds that Plaintiff's expected strict

compliance with the terms of the protective order as proposed by Defendants and to which Defendants and Plaintiff have agreed as described, *supra*, will reasonably assure that future investigations including considerations of officer safety, will not be significantly impaired. Notably, neither the MOP nor the Operations Manual include any policies with respect to the use of force against pet animals at the target premises which, if revealed, could also potentially impair officer safety during execution of search warrants in narcotics investigations.

**CONCLUSION**

Based on the foregoing, Defendants shall <u>within five days</u> of this Decision and Order provide copies of the Section 4.0 (Sections 4.1 – 4.7) without redactions of the MOP and Section 3.0 (Sections 3.1 – 3.9) with redactions of Sections 3.5(C)(3) relating to currency seizures and 3.6, relating to procedures for seizing evidence of the Operations Manual, which are not responsive to Interrogatory No. 14. Upon receiving such materials, Plaintiff's counsel agrees to abide fully with the terms with the protective order as described herein. Plaintiff's counsel shall acknowledge such receipt and agreement by filing <u>within three days</u> thereafter a copy of this Decision and Order endorsed by Plaintiff's counsel where provided below. Any violations of such protective order will be treated at the court's discretion as a criminal or civil contempt. Defendants shall separately arrange with the court for return of the materials provided for *in camera* review at Defendant's earliest convenience.

SO ORDERED.                                        /s/ *Leslie G. Foschio*

                                        _____
                                              LESLIE G. FOSCHIO
                                        UNITED STATES MAGISTRATE JUDGE

Dated: October 23, 2018
       Buffalo, New York

Accepted and Agreed

_____
Matthew A. Albert, Esq.


_____
Date